# United States Court of Appeals

### For the Eighth Circuit

_____

## No. 16-3624

_____

David Martin

*Plaintiff - Appellant*

v.

Nancy A. Berryhill, Acting Commissioner, Social Security Administration

*Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: October 4, 2017
Filed: October 17, 2017
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

David Martin appeals from the order of the District Court[1] affirming the Commissioner's decision denying him disability insurance benefits and supplemental security income. In his decision, the administrative law judge (ALJ) found that Martin's subjective complaints were not entirely credible. Based on the testimony of a vocational expert (VE), the ALJ also found that jobs existed in significant numbers nationally that Martin could perform with his residual functional capacity (RFC) for less than a full range of sedentary work.[2] Martin generally argues that the ALJ erred in finding that he was not disabled, contending that any physical exertion exacerbates his condition.

We agree with the District Court that substantial evidence on the record as a whole supports the ALJ's determination that although Martin suffered from some degree of pain and limitation, the record failed to show a medical condition that was completely disabling. See Perks v. Astrue, 687 F.3d 1086, 1091, 1093 (8th Cir. 2012) (standards of review). We defer to the ALJ's credibility determination because it was supported by multiple valid reasons. See Casey v. Astrue, 503 F.3d 687, 696 (8th Cir. 2007). Further, we conclude that the ALJ properly formulated Martin's RFC and because the ALJ's hypothetical included the impairments and limitations that were supported by the record, it was proper for the ALJ to rely on the VE's response to find that Martin is not disabled. See Boyd v. Colvin, 831 F.3d 1015, 1020 (8th Cir. 2016) (noting that the ALJ is responsible for determining a claimant's RFC based on all

---

[1]The Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties under 28 U.S.C. § 636(c).

[2]Martin is not entitled to benefits based on his claim that he is unable to find the jobs identified by the vocational expert. See 20 C.F.R. §§ 404.1566(c); 416.966(c) (explaining that a claimant is not disabled if his RFC and vocational abilities enable him to do work that exists nationally, even if he remains unemployed due to, inter alia, inability to get work, lack of work in his local area, or no job openings).

relevant evidence, including medical records, observations of treating physicians and others, and the claimant's description of his limitations); Hensley v. Colvin, 829 F.3d 926, 932 (8th Cir. 2016) ("Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." (citation to quoted case omitted)); Milam v. Colvin, 794 F.3d 978, 985–86 (8th Cir. 2015) ("Testimony from a VE based on a properly phrased hypothetical question constitutes substantial evidence." (citation to quoted case omitted)).

The judgment of the District Court is affirmed.

_____